# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2015 MSPB 5

Docket No. SF-0752-13-1722-I-1

## Jackie Leseman,[*]

## Appellant,

## v.

## Department of the Army,

## Agency.

January 9, 2015

Jackie Leseman, Wasilla, Alaska, pro se.

Michael H. Gilbert and Mike J. Schroeder, Joint Base Elmendorf-
Richardson, Alaska, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### OPINION AND ORDER

¶1    The appellant has filed a petition for review of an initial decision that dismissed her appeal with prejudice for failure to prosecute. For the following reasons, we DENY the petition for review and AFFIRM the initial decision.

---

[*] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Corps of Engineers/Pacific Ocean v. Department of the Army*, MSPB Docket No. SF-0752-14-0290-I-1.

BACKGROUND

¶2   On May 31, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, a Supervisory Project Officer, that she would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on May 1, 2013." Initial Appeal File (IAF), Tab 1 at 9-11. It does not appear that the appellant responded to the proposal notice. By written notice dated June 20, 2013, the agency's deciding official informed the appellant that she would be furloughed as outlined in the proposal notice. *See id.* at 12-14. The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013, and not to exceed a maximum of 88 hours during the furlough period. *Id.* at 7-8.

¶3   The appellant filed a Board appeal challenging the agency's action but indicated that she did not want a hearing. *See* IAF, Tab 1 at 2. In a furlough procedures order, the administrative judge informed the appellant that her appeal had been consolidated with the appeals of similarly situated employees. *Corps of Engineers/Pacific Ocean v. Department of the Army*, MSPB Docket No. SF-0752-14-0290-I-1, Consolidated Appeal File (CAF), Tab 2. On April 17, 2014, the administrative judge issued an order in which she scheduled a telephonic status conference, a prehearing conference, and a close of record date. CAF, Tab 12. In her order, the administrative judge cautioned that, if an appellant failed to appear for the aforementioned conferences or otherwise follow her orders, she might issue sanctions pursuant to 5 C.F.R. § 1201.43, which could include dismissing the appeal for failure to prosecute. CAF, Tab 12 at 4. The record reflects that the appellant did not participate in the status conference or the prehearing conference. *See* CAF, Tabs 15, 17. The administrative judge's June 5, 2014 order and summary of prehearing conference included an order for appellants who had not requested a hearing, instructing them to submit their

written submissions in support of their appeals by June 27, 2014. CAF, Tab 17 at 5. The appellant did not file anything by that date. On July 1, 2014, the administrative judge issued a show cause order directed at the appellants in the consolidated appeal who had not participated in conference calls and the hearing and had not filed any submissions beyond their initial appeals. CAF, Tab 28. She ordered those appellants to show cause why she should not dismiss their appeals for failure to prosecute. *Id.* The appellant did not respond to the show cause order by the July 8, 2014 time limit. *See id.*

¶4  On July 10, 2014, the administrative judge issued an initial decision, dismissing the appellant's appeal with prejudice for failure to prosecute. IAF, Tab 5, Initial Decision (ID). In particular, the administrative judge found that the appellant failed to exercise basic due diligence in prosecuting her appeal because she failed to appear for the scheduled status conference call, to submit a close of record submission or a response to the agency's close of record submission, or to respond to the show cause order on the failure to prosecute issue. ID at 2-3.

¶5  The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 3. In her petition for review, the appellant does not provide any explanation for her failure to participate in the status conference call, submit a close of record submission, or respond to the show cause order. PFR File, Tab 1. Rather, she briefly states the basis for her challenge to the agency's decision to impose the furlough. *Id.* at 4.

## ANALYSIS

¶6  The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 17 (2013); *see* 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when: (1) a party has failed to exercise basic due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Davis*, 120 M.S.P.R. 34, ¶ 18 (citing *Williams v. U.S. Postal*

*Service*, 116 M.S.P.R. 377, ¶ 7 (2011)). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Davis*, 120 M.S.P.R. 34, ¶ 18.

¶7        We find that the administrative judge did not abuse her discretion in imposing the sanction of dismissal with prejudice. The record reflects that the appellant failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order. *See* CAF, Tabs 15, 17. Indeed, there is no evidence that the appellant took any steps to pursue her appeal until she filed her petition for review. The record also reflects that the appellant was warned that her failure to participate in the appeal could result in the dismissal of her appeal with prejudice. *See* CAF, Tabs 12, 28. The appellant has not attempted to explain why she did not respond to the administrative judge or participate in the proceedings. Her brief argument on review regarding the merits of the furlough is not determinative of the propriety of the dismissal for failure to prosecute. *See Bennett v. Department of the Navy*, 1 M.S.P.R. 683, 688 (1980). Based on the foregoing circumstances, we agree with the administrative judge's finding that the appellant failed to exercise due diligence in prosecuting her appeal, and we affirm the dismissal with prejudice for failure to prosecute. *See, e.g.*, *Williams*, 116 M.S.P.R. 377, ¶¶ 2-4, 9-12 (affirming the administrative judge's decision to dismiss an appeal for failure to prosecute because the appellant failed to respond to multiple Board orders); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (finding that the administrative judge did not abuse her discretion by dismissing the appellant's claims for failure to prosecute when the appellant did not comply with multiple orders over a period of nearly 2 ½ months).

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.