## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAROLD WILLIAMSON, JR.,[1]
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-13-4374-I-1

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Harold Williamson, Jr., Antelope, California, pro se.

Annette B. Kuz, Esquire, San Francisco, California, for the agency.

Jason DeRosa, Esquire, Portland, Oregon, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Corps of Engineers/NW/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice for failure to prosecute.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2    On June 4, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, a Contract Specialist, that he would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 1 at 7-9.  It does not appear that the appellant responded to the proposal notice.  By written notice dated June 24, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice. *See id.* at 11-13.   The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8,

2013, on discontinuous days between July 8, 2013, and September 30, 2013, and not to exceed a maximum of 88 hours during the furlough period. *Id.* at 7.

¶3    The appellant filed a Board appeal challenging the agency's action but indicated that he did not want a hearing. *See* IAF, Tab 1 at 2. In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly-situated employees. *Corps of Engineers/NW/South Pacific Division v. Department of the Army*, MSPB Docket No. SF-0752-14-0285-I-1, Consolidated Appeal File (CAF), Tab 2. On April 17, 2014, the administrative judge issued an order in which she scheduled a telephonic status conference, a prehearing conference, and a close of record date. CAF, Tab 10. In this order, the administrative judge cautioned that, if an appellant failed to appear for the aforementioned conferences or otherwise failed to follow her orders, she might issue sanctions pursuant to 5 C.F.R. § 1201.43, which could include dismissing the appeal for failure to prosecute. CAF, Tab 10 at 4. The record reflects that the appellant did not appear for the status conference or the prehearing conference. *See* CAF, Tabs 12, 17. The administrative judge's June 6, 2014 order and summary of prehearing conference included an order for appellants who had not requested a hearing, instructing them to submit their written submissions in support of their appeals by June 30, 2014. CAF, Tab 17 at 6. The appellant did not file anything by that date. In a July 3, 2014 order, the administrative judge directed appellants in the consolidated appeal who had not participated in any conference call or hearing and who had not filed any submission to indicate their intent to pursue their appeal to show cause why their appeals should not be dismissed for failure to prosecute. CAF, Tab 22. The appellant did not respond to the show cause order by the July 10, 2014 time frame.

¶4    On July 21, 2014, the administrative judge issued an initial decision, dismissing the appellant's appeal with prejudice for failure to prosecute. IAF, Tab 4, Initial Decision (ID). In particular, the administrative judge found that the

appellant failed to exercise basic due diligence in prosecuting his appeal because he, among other things, failed to appear for the scheduled status conference call, failed to submit a close of record submission or a response to the agency's close of record submission, and failed to respond to the show cause order.  ID at 2-3.

¶5      The appellant filed a petition for review, which the agency opposes. Petition for Review (PFR) File, Tabs 1, 3.  On review, the appellant asserts that: (1) 9 months passed without any action required from him until the April 17, 2014 hearing order; (2) he did not understand that the conference call was "mandatory," instead of "optional"; and (3) he thought that the "final court decision concerning the furlough challenge" would apply to all of the appellants in the consolidated appeal.  PFR File, Tab 1 at 4.  He also states that he never intended to have the appeal dismissed.  *Id.*

¶6      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Leseman v. Department of the Army*, 2015 MSPB 5, ¶ 6; *see* 5 C.F.R. § 1201.43(b).  Such a sanction should be imposed only when: (1) a party has failed to exercise basic due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply.  *Id.* (citing *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013)).  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Leseman*, 2015 MSPB 5, ¶ 6; *Davis*, 120 M.S.P.R. 34, ¶ 18.

¶7      In *Leseman*, an appellant in another consolidated furlough appeal failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order, and she was warned that her failure to participate in the appeal could result in the dismissal of her appeal with prejudice.  *See Leseman*, 2015 MSPB 5, ¶ 7.  The Board found that Ms. Leseman failed to exercise due diligence in prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review, and it affirmed

the administrative judge's decision to dismiss the furlough appeal for failure to prosecute. *Id*.

¶8    The circumstances of the instant appeal are very similar to the circumstances in *Leseman*. Because there is no evidence that the appellant took any steps to pursue his appeal until he filed his petition for review, and he was warned that his failure to participate in the appeal could result in the dismissal of his appeal with prejudice, we find that the appellant failed to exercise due diligence in prosecuting his appeal. We therefore affirm the administrative judge's decision to dismiss the appeal with prejudice for failure to prosecute. *See Leseman*, 2015 MSPB 5, ¶ 7. The appellant's assertion on review, that he did not realize that the conference call was mandatory, is belied by the administrative judge's April 17, 2014 order, which informed him of the consequences of not appearing for any conference calls. Moreover, his assertion does not explain his failure to tender a close of record submission or his failure to respond to the administrative judge's order to show cause. We have considered the appellant's remaining arguments on review but they are unavailing.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.