# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENT BUNCH,[1]

               Appellant,

        v.

DEPARTMENT OF THE NAVY,

               Agency.

DOCKET NUMBER
DC-0752-13-1627-I-1

DATE: February 4, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Brent Bunch</u>, Suffolk, Virginia, pro se.

<u>Brenda Vosguanian</u>, Esquire, and <u>Jacquelyn Wright</u>, Esquire, Port Hueneme, California, for the agency.

<u>Mary Sullo</u>, Norfolk, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *NAVFAC Mid-Atlantic II v. Department of the Navy*, MSPB Docket No. DC-0752-14-0793-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice for failure to prosecute.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2      On May 30, 2013, the agency proposed to furlough the appellant, an Environmental Engineer, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 1 at 7-10.  It does not appear that the appellant responded to the proposal notice.  By written notice dated June 28, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 11-13.  The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8,

2013, on discontinuous days between July 8, 2013, and September 27, 2013, and not to exceed a maximum of 88 hours during the furlough period. *Id.* at 7.

¶3     The appellant filed a Board appeal challenging the agency's action, but he indicated that he did not want a hearing. *See* IAF, Tab 1 at 2. In a furlough procedures order, the administrative judge informed the appellant that his appeal had been consolidated with the appeals of similarly-situated employees. *NAVFAC Mid-Atlantic II v. Department of the Navy*, MSPB Docket No. DC-0752-14-0793-I-1, Consolidated Appeal File (CAF), Tab 1.

¶4     On September 4, 2014, the administrative judge issued an order directing the appellants to advise him, by September 10, 2014, if they wished to continue pursuing the furlough appeal. CAF, Tab 10. The appellant did not respond to this order. Also on September 4, 2014, the administrative judge issued an order closing the record, informing the parties that a telephonic close of record conference would occur on September 11, 2014, and that the record would close on September 18, 2014. CAF, Tab 11. On September 12, 2014, the administrative judge issued an order to show cause. CAF, Tab 12. In it, he noted that none of the appellants appeared for the telephonic close of record conference or otherwise informed him of their unavailability. *Id.* The administrative judge therefore ordered the appellants to submit by September 16, 2014, evidence which demonstrates good cause for their failure to participate in the scheduled conference call. *Id.* The administrative judge further advised that if any appellants failed to respond to the order, he would dismiss the appeal for failure to prosecute. *See id.* (citing 5 C.F.R. § 1201.43(b)). The appellant did not respond to the order to show cause.

¶5     On September 18, 2014, the administrative judge issued an initial decision, dismissing the consolidated appeal with prejudice for failure to prosecute. CAF, Tab 13, Initial Decision (ID). Finding that the appellants "failed to respond to at least three Board orders," the administrative judge concluded that these appellants failed to exercise basic due diligence in prosecuting their appeals. ID.

¶6 The appellant filed a petition for review, which the agency opposes. Petition for Review (PFR) File, Tabs 1, 4. On review, the appellant asserts that: (1) he was unable to comply with the September 4, 2014 order because he was out of the country on annual leave from August 30, 2014, to September 7, 2014, and unable to access his emails; (2) he was unable to attend the September 11, 2014 conference call because he was out of the office from September 8, 2014, through September 12, 2014, for a work-related inspection; and (3) he was unable to respond to the order to show cause by the September 18, 2014 deadline because he was out of the office for training and field visits from September 15, 2014, through September 19, 2014, and he was out on sick leave on September 18, 2014. PFR File, Tab 1 at 4. The agency counters that the appellant was responsible for monitoring the progress of his appeal and ensuring that he responded to and complied with Board orders and he offers "no legitimate excuse" for failing to comply with the administrative judge's orders. PFR File, Tab 4 at 5.

¶7 The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 2015 MSPB 5, ¶ 6; *see* 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when: (1) a party has failed to exercise basic due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 2015 MSPB 5, ¶ 6. Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Id*.; *Davis*, 120 M.S.P.R. 34, ¶ 18.

¶8 In *Leseman*, an appellant in another consolidated furlough appeal failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order, and she had been warned that her failure to participate in the appeal could result in the dismissal of her appeal with prejudice. *See Leseman*, 2015 MSPB 5, ¶ 7. The Board found that Ms. Leseman failed to

exercise due diligence in prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review and it affirmed the administrative judge's decision to dismiss the furlough appeal for failure to prosecute. *Id*.

¶9    The circumstances of the instant appeal are similar to the circumstances in *Leseman*, and a similar outcome is warranted. We have considered the appellant's assertions on review regarding his inability to comply with the administrative judge's orders, but we find them unavailing. The Board has held that an appellant who is an e-filer, as is the appellant in this matter, *see* IAF, Tab 1 at 2, is required to monitor his case activity at the Repository at e-Appeal Online. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); *see* 5 C.F.R. § 1201.14(j)(3). It is evident that the appellant failed to fulfill his obligation in this regard.

¶10    Although unclear, the appellant also may be asserting on review that he did not receive one or more of the administrative judge's orders, but we are not persuaded that this alternative assertion warrants a different outcome. The regulation at 5 C.F.R. § 1201.14(m)(2) provides that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission, and the Board has held that, when a regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera*, 111 M.S.P.R. 581, ¶ 5 (citing *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006)).

¶11    Because we conclude that the appellant has not demonstrated due diligence in complying with Board orders, we affirm the administrative judge's decision to dismiss the appeal with prejudice for failure to prosecute. *See Leseman*, 2015 MSPB 5, ¶ 7.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.